**Shaun R. HARRIS, Plaintiff,**

v.

**Sherese E. BREWINGTON–CARR, and Stanley Taylor, Defendants.**

**No. Civ.A. 98–345–JJF.**

United States District Court, D. Delaware.

April 6, 1999.

Shaun R. Harris, Wilmington, DE, pro se.

Sean P. Lugg, Department of Justice, Wilmington, DE, John A. Eberly, Department of Justice, Wilmington, DE, for defendants.

## *OPINION*

FARNAN, Chief Judge.

Presently before the Court is the Defendants' Motion to Dismiss (D.I.10). At the time the Plaintiff filed the Complaint, the Plaintiff was a pre-trial detainee within the Delaware Department of Correction at the Multi–Purpose Criminal Justice Facility ("MPCJF") in Wilmington, Delaware. (D.I.4). In his Complaint, the Plaintiff asserts that certain conditions concerning his confinement at the MPCJF violate the Eighth and Fourteenth Amendments of the United States Constitution.

Specifically, the Plaintiff alleges: 1) that he had to sleep on the floor for one week while being held in Booking and Receiving; 2) when the Plaintiff was assigned to a pod, he had to sleep on the floor for three weeks before receiving a bed; 3) that he was housed in a one man cell with two other men; 4) that the open toilet in his cell is unsanitary and deprives him of his right to privacy; 5) that there is a lack of showers and excessive noise; 6) that he was housed with sentenced and unsentenced inmates; and 7) that, as a non-smoker, he had to breathe cigarette smoke from other inmates. (D.I.4).

In response, the Defendants contend that the Plaintiff's allegations are general complaints regarding the conditions at the MPCJF, and that the Plaintiff has failed to identify when the Plaintiff was deprived of an identifiable human need. (D.I. 10 at ¶ 3). The Defendants also contend that the Plaintiff has failed to allege any personal involvement by the Defendants in allegedly depriving the Plaintiff of any Eighth Amendment right. (D.I. 10 at ¶ 3). Therefore, the Defendants contend, the Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The purpose of such a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost*, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Because the Plaintiff was a pretrial detainee when he filed the instant Complaint, the Plaintiff's claims are governed by the Due Process Clause, rather than the Eighth Amendment. *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987) ("Pretrial detainees are not within the ambit of the Eighth Amendment, but are entitled to the protections of the Due Process Clause."), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988). However, the United States Court of Appeals for the Third Circuit has held that the standard set forth by the United States Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), also applies to pre-trial detainees through the Due Process Clause. *Kost*, 1 F.3d at 188.

■ Under *Wilson*, in order for the Plaintiff to establish a constitutional violation based on conditions of confinement, the Plaintiff must prove that the Defendants acted with deliberate indifference and that the Plaintiff suffered a deprivation of "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298, 111 S.Ct. 2321. The Supreme Court also stated that "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305, 111 S.Ct. 2321.

■ Conditions of confinement as pled by the Plaintiff can be sufficient to establish a due process violation or a violation of the Eighth Amendment. At this stage of the case, the Court cannot determine whether the Plaintiff can ultimately demonstrate a deprivation so egregious as to constitute a deliberate indifference to the Plaintiff's basic human needs. The Court is mindful that the Plaintiff is proceeding *pro se* and given the factual allegations of his Complaint, the Court is persuaded that fairness and deference to the Plaintiff's *pro se* status require the Court to deny the Defendants' motion to dismiss and permit the Plaintiff discovery on his claims. Thus, the Court will enter an order denying the Defendants' motion and enter an order setting forth a schedule for discovery.

### *ORDER*

At Wilmington this 5 day of April 1999, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (D.I.10) is DENIED.